J. CLARK CONOVER, PLAINTIFF, v. BURNS & SCHAFFER AMUSEMENT COMPANY, INCORPORATED, ET AL., RED BANK AMUSEMENT COMPANY, AND MORRIS JACKS AND WALTER READE, DEFENDANTS.

Decided February 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *James D. Carton.*

*Contra, Theodore D. Parsons.*

PER CURIAM.

The plaintiff obtained a verdict in an action of replevin, in the Monmouth Circuit, against the defendants for the possession of a pipe organ and damages, in the sum of $4,550.

The facts are: On September 4th, 1920, a lease was entered into between J. Clark Conover, the plaintiff, and Burns & Schaffer Amusement Company, one of the defendants, which among other provisions contains the following: "It is further covenanted and agreed between the parties hereto that any alterations that the party of the second part desires to make to the demised premises shall be made at its own expense, after having first obtained the written approval and consent of the party of the first part, and all such alterations, additions, and changes, which shall include the erection of any stages, electric wiring or lighting systems, are to immediately merge and become a permanent part of the realty, and all interest of the said party of the second part therein shall become immediately vested in the party of the first part."

It is by virtue of this covenant that the plaintiff brought its action of replevin to recover a certain Robert Morgan pipe organ, which was formerly in the theatre building owned by the plaintiff, and which he had leased to the defendant, the Burns & Schaffer Amusement Company. On November 19th, 1920, the Burns & Schaffer Amusement Company purchased the pipe organ in question from the American Photoplay Company, and gave to that company a chattel mortgage upon the organ, to secure to the company the payments on the purchase price of the organ, as such payments became due according to the terms of the mortgage.

The chattel mortgage contained the usual provision, and provided that upon the failure of the mortgagor to pay the installments as they fell due, the mortgagee should have the right to enter and remove the organ upon the premises.

This circumstance in itself convincingly indicates that it never was the intention of the mortgagor that the organ should become a part of, or be merged in the building. The organ was installed in the building with the consent of the landlord.

It is quite clear that the pipe organ was a trade fixture, and therefore, under the settled law, in relation to trade fixtures, as between landlord and tenant, the organ was removable, even though it was attached to the realty. *Crane* v. *Brigham,* 11 *N. J. Eq.* 29.

We also think that the provision in the lease, namely that all such alterations, additions, changes which shall include the erection of any stages, electric wiring or lighting system are to immediately merge and become a permanent part of the realty, &c., does not include in any sense, the installation of a pipe organ connected with the theatrical business which was then being conducted on the premises.

By the very language used in the lease, "that all such alterations, additions and changes," we have the specific declaration of the contracting parties that "alterations, additions or changes," which consist of the erection of any stages, electric wiring or lighting system shall, only in such instances, as enumerated, to wit, the erection of any "stages, electric wiring or lighting system," immediately merge and become a part of the realty. This was and is not the case here.

The rule to show cause is made absolute.